UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIDNEY MOORE,

       Plaintiff,

                                  File No. 1:12-CV-1087

v.

                                  HON. ROBERT HOLMES BELL

US BANK, N.A., et al.,

       Defendants.
                                     /

## **O P I N I O N**

This matter is before the Court on Defendants' motion to dismiss Plaintiff Sidney Moore's complaint. (Dkt. No. 7.) On March 14, 2013, the Court issued an order requiring Plaintiff, if he intended to file a response, to do so by March 25, 2013, as an attachment to a motion to allow late filing. (Dkt. No. 9.) Plaintiff has failed to file a response, so in accordance with that order, the Court will decide the merits of the motion to dismiss without waiting for further briefing. For the reasons that follow, Defendants' motion will be granted.

The Court also issued an order to Plaintiff to show cause by March 28, 2013, why this action should not be dismissed as to unserved Defendant GreenPoint Mortgage Funding, Inc. Plaintiff has failed to show cause, and GreenPoint Mortgage Funding will be dismissed.

**I.**

This matter involves the property located at 340 Lakeshore Drive, Battle Creek, Michigan. On June 13, 2005, Plaintiff entered into a mortgage loan transaction with GreenPoint. In connection with this loan, Plaintiff executed a promissory note in the amount

of $112,000 (Dkt. No. 1, Ex. 2), as well as a mortgage on the property, with Mortgage Electronic Registration Systems (MERS) as the mortgagee (Dkt. No. 1, Ex. 3). The loan was subsequently sold to Defendant Citigroup Mortgage Loan Trust, Inc. 2005-5, and the mortgage was assigned to Defendant US Bank. (Dkt. No. 8, Ex. C.)

According to Defendants, Plaintiff defaulted on the loan. (Dkt. No. 8, at PageID# 83.) This allegation has not been denied by Plaintiff. As a result of the default, the property was sold at a sheriff's sale on November 3, 2011, to US Bank. (Dkt. No. 8, Ex. D.) The statutory redemption period expired on May 3, 2012. (*Id.* at PageID# 132.) US Bank instituted an eviction action on June 14, 2012, in the 10th District Court for Calhoun County. *See U.S. Bank, N.A. as Trustee v. Sidney Moore, et al.*, Case No. 12-4309-LT. Plaintiff filed the present matter as a counterclaim and third-party complaint. (*See* Dkt. No. 1, PageID# 15.) On September 10, 2012, Plaintiff's complaint was bifurcated from the eviction action and removed to the 37th Circuit Court for Calhoun County. *See Sidney Moore v. U.S. Bank, N.A., et al.*, Case No. 12-3147-CH. On October 4, 2012, Defendants filed a notice of removal in this Court. (Dkt. No. 1.)

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a party may assert "failure to state a claim upon which relief can be granted" as an affirmative defense. "[T]o survive a motion to dismiss [under 12(b)(6)], the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal

2

theory." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted). In reviewing such a motion, the Court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. W. Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990). As a general rule, however, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *In re Travel Agent*, 583 F.3d at 903.

According to the Supreme Court, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 545 (2007) (internal quotations omitted). While detailed factual allegations are not required, the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

### III.

Plaintiff's complaint raises six claims: (1) the assignment violated Michigan's foreclosure by advertising statute, Michigan Comp. Laws § 600.3201ff (Count I); (2) US

3

Bank violated the Truth in Lending Act (TILA) (Count III)[1]; (3) US Bank violated the Real Estate Settlement Procedures Act (RESPA) (Count IV); (4) US Bank breached the mortgage contract and engaged in silent fraud by failing to inform Plaintiff of the foreclosure action (Count V); (5) quiet title (Count VI); and (6) Defendants fraudulently concealed the foreclosure mandating rescission of the mortgage contract (Count VII).

**A. Count I; Count VI**

After a foreclosure sale, a mortgagor has a statutory period of time in which to redeem the property. Mich. Comp. Laws § 600.3240(1). Following the expiration of this period, a mortgagor loses all right, title, and interest in the property. Mich. Comp. Laws § 600.3236; *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942). The Michigan courts have determined that, after the expiration of the redemption period, a mortgagor does not have standing to bring an action to quiet title or challenge the foreclosure proceedings. *See Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009) (per curiam); *Sagmani v. Lending Assocs. LLC*, No. 302865, 2012 WL 3193940, at *2 (Mich. Ct. App. Aug. 7, 2012) (per curiam); *Awad v. Gen. Motors Acceptance Corp.*, No. 302692, 2012 WL 1415166, at *4 (Mich. Ct. App. Apr. 24, 2012). This includes any rights arising under equity. *Senters v. Ottawa Sav. Banks, FSB,* 503 N.W.2d 639, 644 (Mich. 1993) ("Where, as in the present case, a statute is applicable to the circumstances and dictates the requirements for relief by one party, equity will not interfere.").

---

[1]There is no Count II of the complaint.

Michigan law does not allow for an extension of the statutory redemption period absent a clear showing of fraud or irregularity. *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969). In order to qualify for the fraud exception and extend the redemption period, the fraud or irregularity must be in "conducting the legal measures." *Heimerdinger v. Heimerdinger*, 299 N.W. 844, 846 (Mich. 1941). This requires that the fraud or irregularity be present in the foreclosure procedure itself. *Sagmani*, 2012 WL 3193940 at *1 ("A party can challenge the foreclosure after the redemption period only if there is clear evidence of fraud or irregularity in the foreclosure proceedings.").

The statutory redemption period has expired, and Plaintiff has failed to show the requisite fraud to extend that period. He alleges that notice, as required by Mich. Comp. Laws § 600.3204, was never mailed to him. (Compl. ¶¶ 13-14.) However, Plaintiff has alleged no facts indicating that the property in question was "claimed as a principal residence exempt from tax under section 7cc of the general property tax act," a necessary prerequisite to the requirement in Mich. Comp. Laws § 600.3204(4) that notice be mailed.

Moreover, there are affidavits attached to the sheriff's deed showing that the notice of foreclosure requirements of Mich. Comp. Laws § 600.3208 were satisfied. First, there is an affidavit providing that notice was posted on the front door of the property on October 14, 2011. (Dkt. No. 8, Ex. D, PageID# 130.) Second, there is an affidavit stating that notice was published in a weekly newspaper circulating in Calhoun County. (*Id.* at PageID# 129.) Under Mich. Comp. Laws § 600.3264, such affidavits are "presumptive evidence of the facts therein contained." Thus, there was no fraud related to the foreclosure proceedings, and

Plaintiff lacks standing to sue for violation of Michigan's foreclosure by advertisement statute (Count I) and for quiet title (Count VI).[2]

**B. Count III**

Plaintiff alleges that US Bank initiated foreclosure proceedings after Plaintiff requested corrections to his account balance and before addressing that request, all in violation of the TILA. Plaintiff fails to allege what requested corrections he made, what was required of US Bank under the TILA, or how he was damaged by any alleged failure of US Bank to comply with the TILA. The one sentence allegation in Count III is conclusory and fails to contain sufficient factual matter to state a plausible claim to relief. *See Iqbal*, 556 U.S. at 678.

**C. Count IV**

In Count IV, Plaintiff alleges that he sent a Qualified Written Request (QWR) to US Bank requesting certain information but US Bank initiated foreclosure proceedings against him after receiving the QWR and before responding to it. According to the RESPA:

> [A] qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the

---

[2]Plaintiff's allegations that the assignment was untimely, did not comply with the foreclosure statute (citing a nonexistent statutory provision, Mich. Comp. Laws §600.3201ff), did not comply with Michigan's recording statute, violated New York Law governing the trust, and was void because Greenpoint had withdrawn its authorization allowing MERS to transfer property without its express approval (Compl. ¶¶ 15-17, 35-36) are unrelated to fraud in the *foreclosure* process itself and are not a basis for extending the statutory redemption period. Moreover, "a litigant who is not a party to an assignment lacks standing to challenge that assignment." *Livonia Props. Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010).

servicer, that--

(i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

(ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B). A necessary factor for a correspondence to constitute a QWR is that it be "for information relating to the servicing of such loan." 12 U.S.C. § 2605(e)(1)(A).

Plaintiff has presented no facts showing that he made a QWR, besides his conclusory allegation. "A conclusory allegation that a correspondence was a 'Qualified Written Request' is insufficient." *Sipe v. Countrywide Bank*, 690 F. Supp. 2d 1141, 1154 (E.D. Cal. 2010). Moreover, Plaintiff fails to plead that the writing he sent regarded the servicing of his loan, which is necessary for it to have constituted a QWR. *See id.* ("Nothing in the complaint indicates that the written correspondence to Countrywide concerned the servicing of Plaintiff's loan, which is required to qualify the correspondence as a 'qualified written request' under RESPA."); *Drew v. Kemp-Brooks*, 802 F. Supp. 2d 889, 897 (E.D. Mich. 2011).

Additionally, Plaintiff's claim fails because he has not alleged that he has suffered any damages as a result of any alleged violation of the RESPA. *See Battah v. ResMAE Mortgage Corp.*, 746 F. Supp. 2d 869, 876 (E.D. Mich. 2010) ("To successfully plead a RESPA claim, Plaintiff must allege actual damages, which resulted from . . . [the] failure to respond to Plaintiff's QWRs. . . . The complete absence of alleged damages warrants a dismissal of Plaintiff's RESPA claim.")

Thus, Count IV of Plaintiff's claim must also be dismissed for failing to contain sufficient factual matter to state a plausible claim to relief. *See Iqbal*, 556 U.S. at 678.

**D. Count V; Count VI**

Count V alleges silent fraud and breach of contract. Plaintiff alleges that US Bank never told him about the foreclosure procedure and that this failure was a deliberate attempt to deceive him. He alleges that he relied on this silence in believing that he had time to negotiate his dispute with US Bank and apply for a loan modification. He concludes that this failure to inform him breached the mortgage contract and violated Michigan's statutory notice provisions.

Count VI alleges fraudulent concealment and seeks rescission of the mortgage contract. In support, Plaintiff alleges that all Defendants conspired to hide the fact that Plaintiff's home was in foreclosure. He further alleges that Defendants failed to correct several accounting errors when requested to do so by Plaintiff.

These allegations of fraud, in both counts, have not been pleaded with particularity as required by Federal Rule of Civil Procedure 9(b). To make out a fraud claim, a plaintiff "must at a minimum allege the time, place and contents of the misrepresentation(s) upon which he relied." *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984). Additionally, the pleading must "allege with specificity who had made the particular misrepresentations and when they were made." *Hoover v. Langston Equip. Assoc., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992).

Plaintiff provides only conclusions in making out his fraud claim. He fails to allege what representations were made, who made the representations, when those representations were made, how they were communicated to him, or how he was deceived. Nor does Plaintiff allege "a suppression of material facts" and a "legal or equitable duty to disclose" as required to make out a silent fraud claim. *Bergen v. Baker*, 691 N.W.2d 770, 775 (Mich. Ct. App. 2004). Even if Plaintiff's conclusory allegations of silent fraud and fraudulent concealment could satisfy Rule 9's particularity requirement, his claims must still fail because there is ample evidence that he was provided with notice of the foreclosure sale in the manner required by Michigan law. As mentioned, the two affidavits attached to the sheriff's deed are presumptive evidence that notice was posted on the front door of the property and published in a weekly newspaper. *See* Mich. Comp. Laws §§ 600.3208, 600.3264.

As for Plaintiff's breach of contract claim, he fails to allege what provision in the mortgage contract was breached by US Bank's alleged silence. He also fails to allege damages or causation. The allegation that Plaintiff believed he had time to negotiate his dispute and/or apply for a loan modification is insufficient to allege that in the absence of US Bank's alleged breach of contract, he would have successfully halted the foreclosure process or received a loan modification.

Thus, Counts V and VI must fail under Federal Rules of Civil Procedure 9(b) and 12(b)(6).

## IV.

Because Plaintiff's complaint fails to state a claim on which relief may be granted, Defendants' motion will be granted, and Plaintiff's complaint will be dismissed.

An order consistent with this opinion will be entered.


Dated: April 10, 2013                                       /s/ Robert Holmes Bell
                                                            ROBERT HOLMES BELL
                                                            UNITED STATES DISTRICT JUDGE